Phillip B. Nghiem (State Bar No.: 291525)
Edward W. Hess, Jr. (State Bar No.: 81902)
Brian J. Soo-Hoo (State Bar No.: 228298)
**PBN LAW GROUP**
**A PROFESSIONAL CORPORATION**
601 Parkcenter Drive, Suite 107
Santa Ana, CA 92705
PH: (657) 333-5726
FX: (877) 488-3234

Attorneys for Plaintiff: Vicky Ma

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKY MA, an Individual ;<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota Corporation; EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **FAIR CREDIT REPORTING ACT;**<br>2. **CALIFORNIA IDENTITY THEFT LAW;**<br>3. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>4. **CALIFORNA CONSUMER CREDIT REPORTING AGENCIES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges:

1. Plaintiff Vicky Ma ("Plaintiff") is a resident of Orange County, State of California.

2. Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") and EXPERIAN INFORMATION SOLUTIONS, INC. are business entities, form unknown, doing business in the State of California as a credit bureaus which receive negative credit information about consumers and which then publish such information in credit reports available to its subscribers.

3. Defendant Target Corporation ("Target") is now, and at all times mentioned in this Complaint is a creditor which, among other activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

4. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft mixed filed or other manner of recording an inaccurate credit account, even after plaintiff has notified the of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

**COMPLAINT FOR DAMAGES**

5. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants DOES 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of the are legally liable to Plaintiff, as set forth below and herein:

    a. Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

    b. Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

    c. Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

    d. Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or

       joint venturers of Defendants;

   e.  Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

   f.  Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

6. Plaintiff is informed and believe, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set

forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION

## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST EQUIFAX, EXPERIAN AND TARGET CORPORATION AND DOES 1-10, INCLUSIVE.

7. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

8. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681 s-2 of the Fair Credit Reporting Act, except EQUIFAX who is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a(f).

9. Sometime in or about January 2016, Plaintiff stunningly received a letter from Target indicating that she was in default on her Target credit card.

-5-

COMPLAINT FOR DAMAGES

10. From on or about March 23, 2016 to December 2016, Plaintiff sent various correspondence and documentation to Target in an effort to resolve the identity theft issue.

11. Plaintiff received responses from Target indicating it had completed its identity theft investigation and concluded that after a thorough review of documentation and notes on her account did not support an identity theft claim; therefore Target would not be removing the tradeline from her credit profile.

12. On or about January 2017, Plaintiff filed a police report.

13. Sometime in or about March 2017, Plaintiff discovered that Equifax and Experian were reporting an account for the credit card from Target.

14. On or about May 30, 2017, after receiving the police report, Plaintiff submitted a copy, along with an Identity Theft Affidavit, to Equifax, Experian, and Target in an effort to resolve the identity theft issue.

15. As of today's date, Plaintiff has not received a response from Target.

16. On or about June 15, 2017, Plaintiff received a response from Equifax stating that the results of Plaintiff's dispute was "complete" but no change was made to the Target credit card account.

17. On or about June 13, 2017, Plaintiff received a response from Experian stating that the Target account would remain on Plaintiff's credit profile.

18. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from her credit report. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigation upon being notified of the errors.

19. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in at *least* the following respects:

    a. By willfully and negligently failing in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

    b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

    c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

    d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome

**COMPLAINT FOR DAMAGES**

of such investigations were known, or should have been known, to the defendants;

e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement or a summary thereof;

f. By willfully and negligently changing account numbers and account number designations so as to make reinvestigation and deletion more difficult for the consumer, but in turn more lucrative for bureaus and furnishers because derogatory account information will remain on credit reports longer;

g. By willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies,

h. By willfully and negligently failing to place a fraud alert on plaintiff's credit files, as required by 15 U.S.C. Section 1681c-1;

i. By willfully and negligently failing to put a block on the identity theft account, as required by 15 U.S.C. Section 1681s-2; and,

j. By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

20. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

21. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay then fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they will pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

///

///

///

///

**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

### [VIOLATION OF CALIFORNIA IDENTITY THEFT LAW, CIV. CODE SECTION 1798.92 et seq., AGAINST TARGET AND DOES 1-10, INCLUSIVE.

22. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

23. In continuing credit reporting and debt collection activities against Plaintiff after she had reported to them the identity theft situation and after providing them with a police report, Target and DOES 1-10, Inclusive, willfully violated the California Identity Theft Law, Civ. Code Section 1798.92 et seq.

24. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney's fees and costs under the California Identity Theft Law. In addition, Plaintiff alleges that Target and DOES 1-10, Inclusive, specifically violated Civ. Code Section 1798.93 (c) (6), thereby entitling her to a $30,000 penalty, in addition to any other damages which may be assessed.

///

///

///

///

# THIRD CAUSE OF ACTION

## [VIOLATION OF CALIFORNIA ROSENTHAL ACT AGAINST TARGET AND DOES 1-10, INCLUSIVE.

25. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action

26. In continuing debt collection and credit-reporting activities after the point where Plaintiff notified defendants of the identity theft situation, and after she provided them with a police report of the identity theft, defendants Target and DOES 1-10, Inclusive, willfully and knowingly violated the California Rosenthal Act, and specifically violated Civ. Code Section 1788.18. Defendant also violated 15 U.S.C. Section 1691e (8), regarding false credit reporting, which section of the federal FDCPA is incorporated into the Rosenthal Act.

27. Plaintiff has suffered actual damages, including general, special, incidental and consequential damages, and is also entitled to attorney's fees and costs under the Rosenthal Act. In addition, Plaintiff alleges that Defendant Target and DOES 1-10, Inclusive, specifically violated Civ. Code Section 1788.18 and 15 U.S.C. Section 1691e (8), thereby entitling her to a statutory penalty, in addition to any other damages which may be assessed.

///

## FOURTH CAUSE OF ACTION

**[VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST TARGET AND DOES 1-10, INCLUSIVE.]**

28. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action

29. In committing the false credit reporting and in continuing to falsely credit-report plaintiff after notice from her and from the credit bureaus, and after she provided a police report defendants Target and DOES 1-10, Inclusive, have violated Cal. Civ. Code Section 1785.25 (a).

30. As a consequence of these violations, Plaintiff has suffered both general and special damages according to proof, as well as punitive damages under the CCRAA statute, attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;

2. For statutory penalties for each separate statutory violation where allowed by statute;

3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4. For attorney's fees where authorized by statute or law;

5. For costs of suit;

COMPLAINT FOR DAMAGES

6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

DATED: September 18, 2017        **PBN LAW GROUP, APC**

By: _____
Phillip B. Nghiem
Edward W. Hess, Jr.
Brian J. Soo-Hoo
Attorney for Plaintiff
Vicky Ma